# LBCC

Attorneys at Law

**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

Candice B. Ratner
Associate
cratner@lbcclaw.com

Writer's Direct Dial
(516) 837-7411

August 15, 2011

**VIA ECF AND REGULAR MAIL**
Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:  *Executor of the New York Estate of Celia Kates, Philip Barash, et al. v.*
*Pressly & Pressly, P.A. and James G. Pressly, Jr. Esquire*
Case No     :     11-3221
Our File No.  :     10 1463 95327

Dear Judge Bianco:

We represent defendants, James G. Pressly, Jr., Esquire and Pressly & Pressly, P.A. (collectively "Mr. Pressly"), with respect to the above-referenced matter.  In advance of interposing a pre-answer motion to dismiss in response to plaintiffs, Executor of the New York Estate of Celia Kates, Philip Barash, Beneficiary of the Irving G. Kates New York Trust, Sandra Barash ("plaintiffs") summons and complaint, which must be filed by August 25, 2011,[1] we respectfully request that Your Honor (i) dismiss plaintiffs' summons and complaint, *sua sponte*, as it is in direct violation of numerous Court Orders; and (ii) issue sanctions against plaintiffs for interposing this frivolous action.

By way of background, on or about July 6, 2011 plaintiffs commenced this action by the filing of a summons and complaint ("Action 4").  In the lengthy, inarticulate and poorly pleaded complaint, plaintiffs appears to allege one cause of action against Mr. Pressly for treble damages pursuant to Judiciary Law § 487.  Notwithstanding the fact that the allegations in plaintiffs' entire complaint are completely false and are not supported by any of the "exhibits" annexed to the complaint, as will be more fully discussed below, plaintiffs have been enjoined from bringing this action pursuant to numerous prior Orders of the Supreme Court of the State of New York, Nassau County and the Appellate Division of the Supreme Court of the State of New York, Second Department.

### a.  Action 1

Having been barred from further harassment of Mr. Pressly in New York State, Plaintiffs again bring the virtually identical and meritless action against Mr. Pressly in this Court. *See,*

---

[1] Plaintiffs agreed to extend Mr. Pressly's time to respond to the complaint through and including August 25, 2011. *See* Exhibit A annexed hereto.

- 2 -

Orders of Honorable Justice Daniel Palmieri, dated April 20, 2007, July 9, 2007, July 18, 2007, and August 1, 2007, in the matter entitled *Beneficiary, Irving G. Kates New York Trust, et al. v. Northern Trust Corporation*, Index Number 07-001713, Supreme Court of the State of New York, County of Nassau ("Action 1"). In the April 20, 2007 Order (Exhibit B), Justice Palmieri "directed that no further actions or proceedings may be commenced against the respondents, its officers, employees or agents without the express written permission of [the Supreme Court, Nassau County]." *Id.* at p. 3, ¶ 4. Justice Palmieri stated in his decision that "given the petitioners' [plaintiffs] litigation history, including the fact that they began the instant proceeding notwithstanding their knowledge of the doctrine of *res judicata*, the Court finds that, unless they are enjoined, they very well may start another action after receiving this decision." *Id.*

Moreover, in subsequent Orders (collectively, Exhibit C) in which Justice Palmieri ruled on various applications made by plaintiffs in Action 1, such as plaintiffs' application to vacate the April 20, 2007 injunction, Justice Palmieri repeatedly held that the injunction must remain in effect and, most notably, that "future violations of [the] mandate will not be tolerated." Ex. C, July 18, 2007 Order, p. 2, ¶ 3.

Furthermore, by Order (Exhibit D), dated August 19, 2008, the Appellate Division of the Supreme Court of New York, Second Department held that Justice Palmieri properly enjoined plaintiffs from commencing further litigation against Northern Trust Corporation ("Northern Trust") or, *inter alia*, any of its agents without prior leave of the Court.

As reflected by the Notices of Entry of the Orders comprising Exhibits C and D, plaintiffs were properly and timely served with those Orders.

### b. Action 2

Following Justice Palmieri's dismissal of plaintiffs' complaint, plaintiffs commenced a second action against Northern Trust in the United States District Court, Eastern District of New York, a case which was before Your Honor entitled *Philip Barash v. Northern Trust Corporation and Gwen Boykin,* under case no. 07-CV-0528. The defendants in that action interposed a pre-answer motion to dismiss pursuant to FRCP 12(b)(1) and 12(b)(6) and also moved for sanctions. In a Memorandum and Order dated March 6, 2009, Your Honor granted the defendants' motion to dismiss and advised that the court would issue a separate Order to Show Cause regarding the motion for sanctions. A copy of the decision is annexed hereto as Exhibit E. Ultimately, however, the defendants withdrew their motion for sanctions.

### c. Action 3

Yet again, in complete defiance of the Orders of Honorable Justice Daniel Palmieri, plaintiffs commenced a third action entitled *Executor of the New York Estate of Celia Kates, Philip Barash, et al. v. James G. Pressly, Jr. Esquire & Pressly & Pressly, P.A,* Index Number 009928-10, Supreme Court of the State of New York, County of Nassau ("*Action 3*"). The allegations in Action 3 are virtually identical to the allegations in the complaint in this action



- 3 -

and in both actions (except the jurisdiction and venue paragraphs are different), plaintiffs allege the same cause of action against Mr. Pressley for treble damages pursuant to Judiciary Law § 487.

In Action 3, plaintiffs moved for a default judgment against Mr. Pressly, however, the motion was denied in a decision rendered by the Honorable Arthur M. Diamond on August 23, 2010. *See* Ex. F. In Justice Diamond's decision, he noted that:

> "plaintiffs bring this action in complete defiance of the prior Orders of this Court and the Appellate Division enjoining plaintiffs from bringing this type of action. Specifically, plaintiffs bring this action in complete defiance of the Orders of the Honorable Justice Daniel Palmieri, dated April 20, 2007, July 9, 2007, July 18, 2007 and August 1, 2007 in the matter entitled Beneficiary, Irving G. Kates New York Trust, et al v. Northern Trust Corporation, Index No. 07-001713 [Action 1]...."

*Id.* at p. 2, ¶ 1.

Justice Diamond noted in his decision that plaintiffs were aware of the aforementioned decisions and were "clearly aware of the fact that Pressly represented Northern Trust in prior actions commenced by plaintiffs against, *inter alia*, Northern Trust in the State of Florida...which were based upon the same facts and issues giving rise to this action and [Action 1]. *Id.* at p. 2, ¶ 4. As such, Justice Diamond stated that "there is no doubt that Pressly, as counsel for Northern Trust, falls within the purview of "agents" as contemplated by Justice Palmieri of this Court in his August 20, 2007 Order and within the context of the prior Florida Actions and... [Action 1]." *Id.* Moreover, as stated in the Pressly Affidavit annexed hereto as Exhibit G, since the time that the *Northern Trust Action* was commenced in New York, Mr. Pressly "continued to advise and represent Northern Trust in Florida only and with respect to residual issues stemming from the *Florida Actions*. As such, ["Mr. Pressly"] continued to be agents of Northern Trust at the time during which ... [Action 1]...was pending in New York." Ex. G. ¶ 23.

As a result, Justice Diamond dismissed Action 3 and held that "any future violation of this injunction, previously imposed by a decision and order of this Court issued by Judge Palmieri on April 20, 2007, WILL, without issue or debate, result in sanctions against plaintiffs." Ex. F at p. 5, ¶ 6 (emphasis in original). As stated by Justice Diamond in his decision, the only reason the court did not issue sanctions against plaintiffs was because sanctions were not requested. *Id.* Justice Diamond stated, however, that the court would not be prevented from imposing sanctions in the future. *Id.*



#### d.   Action 4

As illustrated by the contents of the instant complaint and as discussed in Justice Diamond's decision, plaintiffs are clearly aware of the fact that Mr. Pressly represented Northern Trust in prior actions commenced by plaintiffs against, *inter alia*, Northern Trust in the State of Florida ("*Florida Actions*"), which were based upon the same set of facts and issues giving rise to this frivolous action, Action 1 and Action 3.  As such, Mr. Pressly undoubtedly falls within the purview of "agents" as contemplated by Justice Palmieri in his April 20, 2007 Order and within the context of the prior *Florida Actions* and the facts and issues giving rise to Action 1, 2 and Action 3.

Accordingly, it is beyond dispute that plaintiffs' commencement of this action is patently improper and is in complete defiance of the April 20, 2007 injunction, which, as stated, *supra*, was upheld by Justice Palmieri on numerous subsequent occasions and by the Appellate Division of the Supreme Court, Second Department and in defiance of Justice Diamond's August 23, 2010 decision.  In addition, the *Rooker-Feldman Doctrine* bars federal courts from exercising jurisdiction over claims that are "inextricably intertwined" with state court determinations.  *See, Kropelnicki v. Siegel*, 290 F.3d 118 (2d Cir. 2002).  A claim is inextricably intertwined under the *Rooker-Feldman Doctrine* when "at a minimum,…a federal plaintiff had an opportunity to litigate a claim in a state proceeding (as either the plaintiff or defendant in that proceeding),…[and] the claim…would be barred under the principle of preclusion." *Id. at 128*.

In accordance with the foregoing, it is respectfully requested that plaintiffs' summons and complaint be dismissed, *sua sponte*, as it is (i) completely meritless; (ii) a blatant and impermissible attempt to seek review of the state court dismissal; and (iii) a direct violation of the spirit of the numerous Court Orders discussed above.  It is further submitted that plaintiffs' conduct is sheer harassment warranting an award of sanctions and attorney fees against plaintiffs for interposing this frivolous action.  Should the Court require a formal motion to dismiss – an expense that defendants do not wish to incur given the history of the multiple litigations – it is alternatively requested that the Court set a conference to discuss a briefing schedule on a motion to dismiss and motion for Rule 11 sanctions.

Respectfully Submitted,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

Candice B. Ratner (CBR1754)

CBR:pd
Attachments



- 5 -

cc:   **<u>BY REGULAR MAIL</u>**

Mr. Philip Barash
Plaintiff, *Pro Se*
6 Serenite Lane
Muttontown, New York 11791

