

Attorneys at Law

L'Abbate, Balkan, Colavita & Contini, L.L.P.

1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

Candice B. Ratner
Associate
cratner@lbcclaw.com

Writer's Direct Dial
(516) 837-7411

August 25, 2011

**VIA ECF AND REGULAR MAIL**
Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Executor of the New York Estate of Celia Kates, Philip Barash, et al. v.*
              *Pressly & Pressly, P.A. and James G. Pressly, Jr. Esquire*
              Case No    :      11-3221
              Our File No.  :      10 1463 95327

Dear Judge Bianco:

      We represent defendants, James G. Pressly, Jr., Esquire and Pressly & Pressly, P.A. (collectively "Mr. Pressly"), with respect to the above-referenced matter.

      We are in receipt of plaintiffs, Executor of the New York Estate of Celia Kates, Philip Barash, Beneficiary of the Irving G. Kates New York Trust, Sandra Barash (collectively, "plaintiffs") "Briefing Document for [a] Pre-Motion Conference" dated August 20, 2011 wherein plaintiffs apparently seek a pre-motion conference to "invoke FRCP Rule 60(d)" to set aside the judgment in an action which was previously before Your Honor, which Mr. Pressly was not even a party to, entitled *Philip Barash v. Northern Trust Corporation and Gwen Boykin,* under case no. 07-CV-0528 (the "Northern Trust Action"). In addition, plaintiffs are also seeking to move for summary judgment in the Northern Trust Action. For the reasons discussed below, plaintiffs' application must be denied.

      As referenced in our August 15, 2011 letter to the Court, the defendants in the Northern Trust Action interposed a pre-answer motion to dismiss pursuant to FRCP 12(b)(1) and 12(b)(6) and also moved for sanctions. In a Memorandum and Order dated March 6, 2009 (a copy of which was annexed as Exhibit E to Mr. Pressly's August 15, 2011 letter to the Court), Your Honor granted the defendants' motion to dismiss and advised that the Court would issue a separate Order to Show Cause regarding the motion for sanctions. Ultimately, however, the defendants withdrew their motion for sanctions. In plaintiffs "Briefing Document for [a] Pre-Motion Conference," plaintiffs are requesting that Your Honor vacate the judgment in the Northern Trust Action and they are also seeking to move for summary judgment in that action. Plaintiffs' application must be denied as Mr. Pressly was not a party to that action, none of the defendants in the Northern Trust Action have been notified of plaintiffs' application and the case is closed.

As more fully discussed in Mr. Pressly's August 15, 2011 letter to the Court, it is respectfully requested that plaintiffs' summons and complaint in this action be dismissed, *sua sponte*, as it is (i) completely meritless; (ii) a blatant and impermissible attempt to seek review of the state court dismissal; and (iii) a direct violation of the numerous Court Orders. Moreover, plaintiffs' sole cause of action against Mr. Pressly, wherein they are seeking treble damages pursuant to Judiciary Law § 487, is time barred. The statue of limitations on a Judiciary Law § 487 is three years. *See Rafter v. Liddle, No.* 05 CV 4296, 2006 WL 2255093 (S.D.N.Y. Aug. 4, 2006)( a claim asserting violation of Judiciary Law § 487 is governed by a three year statute of limitations); *see also Lefkowitz v. Appelbaum*, 258 A.D.2d 563, 685 N.Y.S.2d 460 (2d Dep't 1999)(same). The allegations against Ms. Pressly, which are baseless, all pre-date February 2006 and most of the claims asserted against Mr. Pressly allegedly took place between 2004 and 2005. As such, plaintiffs had until February 2009 to commence the instant action. Plaintiffs, however, did not commence the instant action until July 2011, and therefore, plaintiffs' complaint is time-barred.

For the foregoing reasons, we respectfully request that the court deny plaintiffs' application for a pre-motion conference to vacate the judgment and move for summary judgment in the Northern Trust Action. In addition, it is respectfully requested that Your Honor (i) dismiss plaintiffs' summons and complaint, *sua sponte*, as it is in direct violation of numerous Court Orders; and (ii) issue sanctions against plaintiffs for interposing this frivolous action. In the alternative, should the Court require a formal motion to dismiss, it is requested that the Court set a conference to discuss a briefing schedule on a motion to dismiss and motion for Rule 11 sanctions.

Respectfully Submitted,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

Candice B. Ratner (CR1754)

CBR:pd

cc: **BY REGULAR MAIL**
Mr. Philip Barash
Plaintiff, *Pro Se*
6 Serenite Lane
Muttontown, New York 11791

