## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

_____

Nº 11-CV-3221 (JFB)(ARL)
_____

EXECUTOR OF THE NEW YORK ESTATE OF CELIA KATES, PHILIP BARASH,
BENEFICIARY OF THE IRVING G. KATES NEW YORK TRUST, SANDRA BARASH,

Plaintiffs,

VERSUS

PRESSLEY & PRESSLEY, P.A. AND JAMES G. PRESSLEY, JR.

Defendants.

_____

**MEMORANDUM AND ORDER**
March 22, 2012
_____

Joseph F. Bianco, District Judge:

Plaintiffs Philip Barash ("P. Barash") as Executor of the New York Estate of Celia Kates, and Sandra Barash ("S. Barash") as Beneficiary of the Irving G. Kates New York Trust, proceeding *pro se*, brought the above-captioned action against the defendants Pressley & Pressley, P.A. and James G. Pressley, Jr. ("Pressley") (collectively the "defendants"), alleging a violation of New York Judiciary Law § 487 and seeking treble damages for actions that took place in the Florida Probate Court.[1]

By letter dated August 15, 2011, defendants moved for a *sua sponte* order dismissing plaintiff's complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants also seek an injunction prohibiting plaintiff from filing any further actions in any federal district court arising out of the management and administration of the Irving G. Kates Trust, and for attorneys' fees and expenses.

As discussed in more detail *infra*, this is P. Barash's fourth attempt in this Court to litigate claims arising from the management and administration of the Irving G. Kates Trust. *See Barash v. Northern Trust Corp.*, *et al.*, 07-CV-5208 (JFB)(ARL); *Trustee Northern Trust Bank of Florida, N.A. v. Estate of Celia Kates, by its Executor Philip Barash and Sandra Barash, et al.*, 04-CV-5295 (DRH); *Executor, Estate of Celia Kates, Philip Barash v. Northern Trust*

---

[1] As will be discussed in more detail *infra*, plaintiff's claim is clearly another attempt to bring an action for mismanagement of the Irving G. Kates Trust.

1

*Bank, N.A.*, 04-CV-5153 (DRH)(ARL). Two of the previous cases were dismissed for lack of subject matter jurisdiction pursuant to the probate exception to federal diversity jurisdiction. *See* Mem. of Decision and Order, *Executor, Estate of Celia Kates, Philip Barash v. Northern Trust Bank, N.A.*, No. 04-CV-5153 (DRH) (E.D.N.Y. Nov. 17, 2005), ECF. No. 47; *Barash v. Northern Trust Corp.*, 07-CV-5208 (JFB)(ARL), 2009 WL 605182, (E.D.N.Y. Mar. 6, 2009). Judgment was entered on May 7, 2009 in the 2007 case, and plaintiff has not appealed that decision. The third case, 04-CV-5295 (DRH), was removed by P. Barash and S. Barash to this Court from the Probate Division of the Palm Beach County, Florida Circuit Court. Judge Hurley remanded that case to the Florida court because, *inter alia*, the federal court lacks subject matter jurisdiction pursuant to the probate exception. *See* Order, dated March 29, 2005, *Trustee Northern Trust Bank of Florida, N.A. v. Estate of Celia Kates, by its Executor Philip Barash and Sandra Barash, et al.*, 04-CV-5295 (DRH), (E.D.N.Y Mar. 29, 2005), ECF. No. 22.

In an abundance of caution, the Court issued an Order, dated October 6, 2011, which, *inter alia*, required plaintiffs to show cause as to why the Court has subject matter jurisdiction to adjudicate their claims and why the claims are not barred by res judicata. Following that Order, the parties fully briefed these and other issues, and all submissions have been considered by the Court.

For the reasons set forth herein, the motion to dismiss is granted in its entirety. In particular, the Court lacks subject matter jurisdiction over this case under (1) the probate exception to diversity jurisdiction, and (2) the *Rooker-Feldman* doctrine. In any event, the claims must be dismissed under the doctrines of res judicata and collateral estoppel. Moreover, the claim under Section 487 of the Judiciary Law is barred by the statute of limitations, and is also not a plausible claim in this case.

Although defendants raised the issue of sanctions (including a litigation injunction) in their August 15, 2011 letter, the Court must give plaintiffs a full opportunity to be heard before imposing any sanctions. The Court did not seek a response from plaintiffs on that issue in the October 6, 2011 Order. Therefore, an Order to Show Cause will issue to plaintiffs, affording them an opportunity to be heard as to why the requested sanctions (including a litigation injunction) should not be granted.

I. FACTS

A. Underlying Facts[2]

P. Barash is the executor of the Estate of Celia Kates, which was a beneficiary of the Irving G. Kates Trust (the "Trust"). (Complaint at ¶¶ 1-2.) The Trust was created under a will executed by Irving G. Kates, the father of S. Barash, in December 1982. (*Id*. at ¶ 2.) Celia Kates was a lifetime beneficiary of the Trust and S. Barash was a beneficiary of the Trust. (*Id*. ¶ 10.) Celia Kates was S. Barash's mother. (*Id*.) Pursuant to a settlement agreement dated September 26, 2001, "Northern Trust, 440 Royal Palm Way, Suite 102, Palm Beach, FL 33480 became the sole Trustee of the Trust." *Barash v. Northern Trust Corp.*, 07-CV-5208 (JFB)(ARL), 2009 WL 605182, at *1 (E.D.N.Y. Mar. 6, 2009) (citing *Executor, Estate of Celia Kates, Philip*

---

[2] As this complaint is based on the same underlying facts as this Court's decision in *Barash v. Northern Trust Corp.*, 07-CV-5208 (JFB)(ARL), 2009 WL 605182, at *1 (E.D.N.Y. Mar. 6, 2009), the Court will refer to both the Court's prior decision and to the Complaint.

2

*Barash v. Northern Trust Bank, N.A.*, 04-cv-5153 (DRH)); *see also* Complaint at ¶ 13. Pressley conducted Pressley & Pressley, P.A.'s representation of Northern Trust Bank of Florida, N.A., as trustee of the Irving G. Kates Trust, with respect to various trust-related issues raised by plaintiff, S. Barash, which were litigated in the Florida Probate Court. (Defs.' First Letter Motion to Dismiss, Ex. G, Affirmation of Pressley dated July 26, 2010, ¶ 12.)

When Celia Kates died, the Trust terminated and Northern Trust Bank of Florida, N.A., brought an action for a judicial accounting in the Probate Division of the Fifteenth Judicial Circuit in Palm Beach County, Florida. *Barash v. Northern Trust Corp.*, 2009 WL 605182, at *1. The Estate of Celia Kates then filed a notice of removal in the Eastern District of New York and filed to stay the proceeding in Florida. *Id*. at *2 (citing *Northern Trust Bank of Florida, N.A. v. Estate of Celia Kates*, 04-cv-5295 (DRH)).

On December 20, 2005, Judge Hurley denied the Estate's motion to stay the probate court proceeding. *Id*. at *2. On March 29, 2005, Judge Hurley remanded the action to the probate court, finding that removal was untimely and that the matter could not be removed to a federal court in New York pursuant to 28 U.S.C. § 1441(a). *Id.* The order also required P. Barash and S. Barash to pay fees to Gloria Kates and Northern Trust Bank of Florida N.A. *Id.*

Trial in the judicial accounting proceeding in Florida began on January 27, 2005, and plaintiff did not file a pretrial stipulation, nor did he attend or participate in the trial. *Id*. A final judgment in that action was issued on January 27, 2005 by Judge Martin in Florida. *Id.* That judgment included a ruling denying plaintiff's motion to dismiss on grounds of venue and jurisdiction. The judgment stated that:

> [t]he principal place of administration of the Trust was in Palm Beach County, Florida for the entire time which Northern Trust served as Trustee and thus this Court has venue and jurisdiction pursuant to §§ 737.101, 737.202, and 737.201 Fla. Stat.
>
> The accountings for the period from the time that Northern Trust took office as Trustee September 2001 through February 2004 were properly served on the beneficiaries and are deemed approved pursuant to § 737.307 Fla. Stat. *Id.* In addition, the Court approves and settles the accountings submitted into evidence at trial for this period.
>
> The accounting for the period from February 2004 as supplemented up to the day of trial is approved and settled.

*Id.* Plaintiff appealed this ruling to the District Court of Appeal of the State of Florida, Fourth District, and the judgment was affirmed on December 6, 2006. *Id.*

B. Plaintiffs' Claims Against the Defendants in this Action

According to the plaintiffs,

> [d]efendants deceived the Court within the State of Florida by falsely bringing an action against the Plaintiffs, in a Court with which there was no jurisdiction or venue, by filing false documents, by lying to the Court in testimony, suborning a

3

> witness to lie, and by collusion with one other law firm, who was purportedly representing the interest of the other beneficiary of the trust, and then brought the false judgment to this Court in deception.

(Complaint at ¶ 5.) In addition, the defendants allegedly failed to notify the plaintiffs of the trial date in a prior case. (*Id.*) More specifically, plaintiffs allege that defendants, *inter alia*, improperly brought a counterclaim against the plaintiffs on behalf of their client, Northern Trust Bank of Florida, N.A., in Florida State Court. (*Id.* at ¶ 14.)

### C. Plaintiffs' Prior Actions

On November 30, 2004, while the judicial accounting was pending in Florida, P. Barash, as executor of the Estate of Celia Kates, brought an action in the Eastern District of New York against the Northern Trust Corporation and Gwen Boykin. *See Barash v. Northern Trust Corp.*, 2009 WL 605182, at *2 (citing *Executor, Estate of Celia Kates, Philip Barash v. Northern Trust Bank, N.A.*, 04-cv-5153 (DRH)). The complaint in this action alleged that:

> The thrust of Plaintiffs' allegations in [that] action [was] that pursuant to its own terms the Trust appointed defendant *Northern Trust* as Trustee, not *Northern Trust Bank of Florida, N.A.*, the party which initiated the Florida probate action. Accordingly, Plaintiffs allege, Northern Trust illegally 'posed' as a Florida corporation, to wit, Northern Trust Bank of Florida, N.A., 'to gain access' to the Florida Probate Court and falsely claimed that the Trust was a Florida trust governed by Florida law. Plaintiffs allege that Northern Trust, a national bank, is the real party in interest and, thus, Northern Trust Bank of Florida, N.A. had no standing to bring the Florida action and did so fraudulently. Thus Plaintiffs allege that Northern Trust 'induced' the Florida Probate Court to violate the law by wrongfully entertaining the suit.

*Id.* (citing Memorandum of Decision and Order, dated November 17, 2005 in *Executor, Estate of Celia Kates, Philip Barash v. Northern Trust Bank, N.A.*, 04-cv-5153 (DRH)). Judge Hurley found that the court lacked subject matter jurisdiction over plaintiff's complaint because the alleged claims fell within the probate exception to federal diversity jurisdiction, as:

> [t]he exercise of jurisdiction would impermissibly interfere with the Florida probate proceedings as the accountings approved by that court could potentially be rendered meaningless should this Court entertain this case. The instant dispute between the parties turns singularly on the proper identity of the Trustee and whether it mismanaged the Trust. These issues have already been decided, either directly or indirectly, by the Florida Probate Court. By filing the instant suit, Plaintiffs undoubtedly seek to obtain a different result than that received in the Florida probate action. "Such interference with the functions of a state probate court is . . . prohibited by the probate exception to federal diversity jurisdiction." *Moser* [*v. Pollin*], 284 F.3d [340] at 345 [2d Cir. 2002]. Moreover, Plaintiffs' attempt to

4

circumvent this conclusion by alleging the existence of a violation of federal law that presumably was beyond the jurisdiction of the Probate is misguided as Plaintiffs have wholly failed to allege any such violation. All of the claims asserted in this action were either raised, or could have been raised, in the Florida Probate Court.

*Id.* at *3. Judge Hurley also found the action barred under the doctrines of res judicata and collateral estoppel. *Id.*

Plaintiffs appealed Judge Hurley's Ruling to the United States Court of Appeals for the Second Circuit, which affirmed the ruling on November 8, 2006. *Id.* The Court of Appeals held that "[t]he District Court properly dismissed appellants' claims because those claims were raised, or could have been raised in an earlier proceeding in the Circuit Court of Florida." *Id.*

On May 15, 2007, plaintiffs filed a motion to file new evidence for review by *en banc* panel of the Court of Appeals for the Second Circuit. *Id.* On June 19, 2007, the Court of Appeals for the Second Circuit denied plaintiffs' petition for panel rehearing and petition for rehearing *en banc*. *Id.* Plaintiffs then petitioned the United States Supreme Court for a writ of *certiorari*, which was also denied. *See Executor, Estate of Celia Kates, Philip Barash v. Osborne*, 128 S. Ct. 316 (2007).

Plaintiffs also brought an action against Northern Trust Corporation in the Supreme Court of the State of New York, Nassau County, before Justice Feinman. *Barash v. Northern Trust Corp.*, 2009 WL 605182, at *3. This action was dismissed on September 15, 2006 "based on the doctrine of *res judicata*." *Id.* The order stated that:

[p]laintiffs' attempt to circumvent the doctrine of *res judicata* by submitting that the claims in plaintiffs' instant complaint cannot be adjudicated in Florida is flawed. Under the doctrine of *res judicata*, a judgment on the merits from a prior action bars not only claims that have already been raised and adjudicated in that action, but also all other claims that could have been raised in that action, arising out of the same transaction or series of transactions.

*Id*.

Plaintiffs then brought another action in the Supreme Court of the State of New York, Nassau County, before Justice Palmieri. *Beneficiary, Irving G. Kates New York Trust v. Northern Trust Corp*, Index No. 001713/07 (Sup. Ct. Nass. Cty. Apr. 20, 2007); Defs.' First Letter Motion to Dismiss, Ex. B. On April 20, 2007, Justice Palmieri issued an order finding that "as this proceeding is based on the same transactions and involves the same parties participating in the prior legal proceedings, which proceedings have concluded and were resolved against them, petitioners' present special proceeding must be dismissed pursuant to CPLR 3211(a)(5) (*res judicata*), the same basis stated by Judge Feinman." (*Id.*) The order also imposed an injunction against any "further actions or proceedings . . . against the respondent, its officers, employees or agents without the express written permission of this Court." (*Id.*) The court explicitly warned plaintiff that "the Court will not hesitate to impose such sanctions should future developments warrant." (*Id.*)

On June 26, 2007, P. Barash on behalf of the plaintiffs, requested permission to commence another legal action against

5

Northern Trust Corp. as required by the injunction. *Beneficiary, Irving G. Kates New York Trust v. Northern Trust Corp.*, Index No. 001713/07 (Sup. Ct. Nass. Cty. July 9, 2007); Defs.' First Letter Motion to Dismiss, Ex. C. Justice Palmeieri of the Nassau County Supreme Court denied the request and stated that "Petitioners have raised no new basis for suit that would not be barred under the doctrine of res judicata, as stated in this Court's prior determination." *Id*. In addition, to the extent that plaintiffs' requested reargument of the court's previous determination, the request was denied. *Id*.

On June 28, 2007, plaintiffs filed a motion to compel examination of Gwen Boykin with Justice Palmieri. *Beneficiary, Irving G. Kates New York Trust v. Northern Trust Corp.*, Index No. 001713/07 (Sup. Ct. Nass. Cty. July 18, 2007); Def.'s First Letter Motion to Dismiss, Ex. C. This motion was denied with a statement that the court's April 20, 2007 decision "directed [Barash] to obtain leave of the Court to submit this motion but [he] failed to do so. [Barash is] reminded that future violations of this mandate will not be tolerated." *Id*. Moreover, the Court noted that, since the petition was previously denied, there was no proceeding in which to conduct discovery. *Id*. Justice Palmieri also held that, to the extent the plaintiffs were seeking reargument of the court's prior decisions, that request was denied because "the Court does not believe it overlooked or misapprehended any facts or law." *Id*.

On July 17, 2007, plaintiffs made another motion to renew and reargue the August 20, 2007 order. *Beneficiary, Irving G. Kates New York Trust v. Northern Trust Corp.*, Index No. 001713/07 (Sup. Ct. Nass. Cty. Aug. 1, 2007); Def.'s First Motion to Dismiss, Ex. C. Justice Palmieri denied the request. *Id*. The court noted that "[r]eargument is not a vehicle for a party to argue again the very questions previously decided, or to raise arguments that could have been raised earlier, but were not." *Id*.

On August 19, 2008, the Appellate Division, Second Department issued a decision affirming Justice Palmieri's April 20, 2007 Order on res judicata grounds. *Beneficiary, Irving G. Kates New York Trust v. Northern Trust Corp.*, Index No. 2007-03921 (N.Y. App. Div Aug. 19, 2008); Def.'s First Letter Motion to Dismiss, Ex. D. The Second Department also affirmed Justice Palmieri's order enjoining P. Barash from commencing further litigation against Northern Trust Corporation without written permission of the court. *Id*. The Second Department also affirmed the September 15, 2006 order on August 19, 2008, in a separate decision on res judicata grounds. *Philip Barash v. Northern Trust Corporation*, 2009 WL 605182, at *4.

Plaintiff then brought another action in the Eastern District of New York captioned *Philip Barash v. Northern Trust Corp.* under docket number 07-CV-5208 (JFB)(ARL) alleging that Northern Trust committed fraud and mismanaged the Trust.[3] In a Memorandum and Order dated March 6, 2009, this Court dismissed plaintiff's complaint because the Court lacked subject matter jurisdiction and on res judicata grounds. *Barash v. Northern Trust Corp.*, 2009 WL 605182, at *1.

---

[3] P. Barash brought the action individually. However, the Court liberally construed the complaint as though it was brought on behalf of the Estate of Celia Kates. *Barash v. Northern Trust Corp.*, 2009 WL 605182, at * 6 n. 3. Moreover, the Court noted that, even if P. Barash had the capacity to sue in an individual capacity, the action would be barred on res judicata grounds. *Id*.

6

Plaintiffs then filed an action against Pressley P.A. and G. Pressley in the Supreme Court of the State of New York, County of Nassau for violation of New York Judiciary law § 487. *Executor of the New York Estate of Celia Kates v. Pressley*, Index No. 9928-10 (Sup. Ct. Nass. Cty. Aug 23, 2010); Def.'s First Letter Motion to Dismiss, Ex F.  In that action, Justice Diamond denied plaintiffs' motion for default judgment and held that "any future violations of this injunction, previously imposed by a decision and order of this Court issued by Judge Palmieri on April 20, 2007, WILL, without issue or debate, result in sanctions against plaintiffs."  (*Id.*) (emphasis in the original).

### D.  Procedural History of this Case

Plaintiffs filed the summons and complaint in this action on July 6, 2011. On August 15, 2011, defendants filed a letter application requesting that plaintiffs' complaint be dismissed *sua sponte* or, in the alternative, that the Court require defendants to submit a formal motion to dismiss. (Defs.' First Letter Motion to Dismiss.)  The letter also requested that this Court sanction the plaintiffs for interposing a frivolous action.  On August 20, 2011, plaintiffs served a "Briefing Document for Pre-Motion Conference" and sought a pre-motion conference to invoke Federal Rule of Civil Procedure 60(d) to set aside the judgment in the action *Philip Barash v. Northern Trust Corporation*, Index No. 07-CV-0508(JFB)(ARL).[4]  Defendants responded on August 25, 2011 by letter requesting that the Court deny plaintiffs' application for a pre-motion conference.

---

[4]  To the extent that plaintiffs' are requesting that this court reconsider its earlier order dismissing the case with docket number 07-CV-0508, the request is denied in its entirety.  There is no basis for reconsideration of that decision.

On October 6, 2011, this Court issued an Order, *inter alia*, explaining that a non-attorney executor of an estate may not proceed *pro se* in litigating an interest specific to the estate or where the estate has beneficiaries other than the representative.  *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("We have previously held that 'an administr[ator] or execut[or] of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant.'" (quoting *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997))); *see also Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998).  Thus, the Order noted that, given that the complaint in this case was being brought *pro se* by a non-attorney executor, P. Barash, on behalf of Trust beneficiary S. Barash, the plaintiffs could not proceed *pro se*.  The Order also directed that, once counsel was retained, plaintiffs had to make a written submission explaining how the Court had subject matter jurisdiction to adjudicate their claims in light of the probate exception to diversity jurisdiction, and also to address why the case should not be dismissed on res judicata grounds.

On October 17, 2011, in response to the Court's Order, P. Barash served an amended signature page to the complaint that was signed by both himself and S. Barash.  The purpose of this submission was to make clear that P. Barash was not representing the Trust beneficiary, but rather that she was also representing herself.  Moreover, on October 20, 2011, plaintiffs submitted a Reply to the Order of the Court.  On October 27, 2011, defendants requested for a second time that the Complaint be dismissed in its entirety but, in the alternative, if the Court was to entertain the plaintiff's reply, to allow defendants time to formally respond.

7

On November 2, 2011, this Court issued an Order accepting the amended signature page, allowing the defendants to reply to plaintiffs' submission on or before December 2, 2011, and allowing plaintiffs to submit a reply on or before December 16, 2011.[5]  Defendants filed their response on December 2, 2011 and plaintiffs replied on December 14, 2011.  The Court has fully considered the arguments and submissions of the parties.

## II.  STANDARD OF REVIEW

When a court reviews a motion to dismiss for lack of subject-matter jurisdiction, it "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).  Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id*.  "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."  *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

When a Court reviews a motion to dismiss for failure to state a claim for which relief can be granted, it must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).  "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'"  *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662, 129 S. Ct. 1937 (2009).  The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950.  Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.  Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949

---

[5] Defendants argue, *inter alia*, that "[t]he inclusion of the amended signature page does not cure the deficiency correctly noted by the Court . . . ." However, given that executor P. Barash is no longer representing the beneficiary S. Barash (who represents herself *pro se* in this case), counsel is not required and plaintiffs may proceed *pro se*. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010).  Thus, the Court will address the subject matter jurisdiction issues, and other issues raised in the briefing, warranting dismissal of this case.

8

(internal citations omitted) (quoting and citing *Twombly*, 550 U.S. at 556-57).

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obliged to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. N.Y. State Unified Court Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 U.S. Dist. LEXIS 69835, 2010 WL 2558624, at *8 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) and *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nonetheless, even though the Court construes a *pro se* complaint liberally, the complaint must still "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

The Court notes that in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and reversed in part on other grounds sub nom., Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), *cert. denied*, 546 U.S. 935 (2005); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of New York*, No. 04 Civ. 1859 (JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss)

### III. DISCUSSION

The defendants argue that this court does not have subject matter jurisdiction to hear this case. For the reasons set forth below, the Court agrees.

#### A. Lack of Subject Matter Jurisdiction

##### 1. Diversity Jurisdiction

Subject matter jurisdiction in this action is based upon diversity jurisdiction.[6] Defendants, however, argue that probate matters are excepted from the scope of federal diversity jurisdiction, and therefore, this Court should dismiss plaintiffs' complaint for lack of subject matter jurisdiction. Plaintiffs argue that the Florida Probate Court did not have jurisdiction to conduct the judicial accounting, and

---

[6] Plaintiffs' complaint states, in relevant part that "Jurisdiction is granted pursuant to United States Code Title 28, Part IV, Chapter 85, Section 1332. Diversity of Citizenship, the Plaintiffs and Defendants are citizens of New York and citizens of Florida. Section 1332 also requires that the jurisdictional amount exceed $75,000. This action seeks to collect one million one hundred and sixty four thousand dollars ($1,164.000) from the Defendant, exceeding the jurisdictional amount of $75,000." (Complaint at ¶ 3.)

therefore, this Court must have jurisdiction to hear this case. As set forth below, the Court agrees with the defendants that this Court does not have jurisdiction to hear the claims set forth in plaintiffs' complaint.

The Supreme Court has created an exception to diversity jurisdiction for probate matters, which "[r]eserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006). The Second Circuit has explained that "so long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a res in the custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed must, exercise it." *Lefkowitz v. Bank of New York*, 528 F.3d 102, 106 (2d Cir. 2007). In *Lefkowitz*, the court found that plaintiff's claims of conversion, unjust enrichment, and other claims seeking monies owed were, "in essence, [seeking] disgorgement of funds that remain under the control of the Probate Court." *Id*. at 107. As such, plaintiff was seeking "to mask in claims for federal relief her complaints about the maladministration of her parent's estates," which were proceeding in probate court. *Id*. The court went on to hold that plaintiff's claims for breach of fiduciary duty, fraudulent misrepresentation and fraudulent concealment, which were seeking damages from defendants personally, "rather than assets or distributions from either estate," did not require the federal court to assert "control of any res in the custody of a state court" and, therefore, the probate exception did not apply. *Id*. at 107-108.

Although plaintiffs have made an allegation against the defendants pursuant to New York Judiciary Law § 487, it is clear that plaintiffs' complaint is founded on their belief that the Trust was mismanaged and that the Florida Probate Court did not have jurisdiction to render its decision. For example, in plaintiffs' Reply to the Order of the Court, plaintiffs state "[i]t is clear that the Florida Probate Court did not have proper jurisdiction to adjudicate a claim against the Irving G. Kates New York Trust. That judgment should be vacated by this Court." (Pl.'s Reply to the Order of the Court at ¶ 17.). In addition, plaintiffs also state that "[t]his Court had previously ruled 'Probate Exception' because it accepted the action for judicial accounting in the Florida Court as real instead of the 'deception and fraud that it was in fact.' This action is under New York Law because not only did Pressley bring his deception and fraud judgment to New York Courts to defeat actions in this state, but he was paid a fee by Northern Trust to do so in New York." (*Id*. at ¶ 5-6.) Therefore, in order to find for the plaintiffs, this Court would need to address the "[p]robate or annulment of a will and the administration of a decedent's estate . . ." which the Court does not have jurisdiction to do. *Marshall*, 547 U.S. at 311-12. As Judge Hurley previously ruled in November of 2005,

> the exercise of jurisdiction would impermissibly interfere with the Florida probate proceedings as the accountings approved by that court could potentially be rendered meaningless should this Court entertain this case. The instant dispute between the parties turns singularly on the proper identity of the Trustee and whether it mismanaged the Trust. These issues have already been decided, either

10

directly or indirectly, by the Florida Probate Court. By filing the instant suit, Plaintiffs undoubtedly seek to obtain a different result than that received in the Florida probate action. 'Such an interference with the functions of a state probate court is . . . prohibited by the probate exception to federal diversity jurisdiction.'

*Philip Barash v. Northern Trust Corporation*, 2009 WL 605182, at *7 (citation omitted). The same analysis applies here because in order to grant plaintiffs the relief they seek, this Court must impermissibly interfere with the Florida Probate Court's decision. Accordingly, this Court does not have jurisdiction to hear the claims set forth by the plaintiffs, and therefore, the claims are dismissed.

### 2. *Rooker-Feldman* Doctrine

The defendants also note that this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. This Court agrees.

Under the *Rooker-Feldman* doctrine – *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) – a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. As the Supreme Court held, the doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 1521-22 (2005); *Hoblock v. Albany Co. Board of Elections*, 422 F.3d 77, 83 (2d Cir. 2005).

As set forth at length *supra*, this is not plaintiffs' first attempt to disturb the ruling of the Florida Probate Court. Despite plaintiffs' several attempts, they cannot use the federal courts as a vehicle to overturn the ruling of the Florida Probate Court. Although plaintiffs state that they are seeking treble damages from the defendants for violations of New York Judiciary Law § 493, as discussed *supra*, it is clear based upon the reading of the complaint and the plaintiffs' subsequent submissions that they seek for this Court to overturn the decision of the Florida Probate Court, as well as the decisions of this Court and the New York State courts. Accordingly, this Court does not have jurisdiction to hear this case.

### B. Res Judicata and Claim Preclusion

While the Court has determined that the complaint should be dismissed because it lacks jurisdiction to hear this case, in an abundance of caution, the Court has also analyzed the complaint under a Rule 12(b)(6) standard and finds, in the alternative, that it should also be dismissed under Rule 12(b)(6) on grounds of res judicata and collateral estoppel for the reasons discussed in detail below.

### 1. Res Judicata

#### a. Legal Standard

A court may dismiss a claim on res judicata or collateral estoppel grounds on a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment. *See Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994);

*Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992); *see also Wilson v. Ltd. Brands*, No. 08 CV 3431 (LAP), 2009 WL 1069165, at *4 (S.D.N.Y. Apr. 17, 2009) (granting judgment on the pleadings based on collateral estoppel); *Sassower v. Abrams*, 833 F. Supp. 253, 264 n.18 (S.D.N.Y. 1993) ("[T]he defense of res judicata or collateral estoppel may be brought, under appropriate circumstances, either via a motion to dismiss or a motion for summary judgment.").

Under the doctrine of res judicata, otherwise known as claim preclusion, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998)) (internal quotation marks omitted) (emphasis added); *accord Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine applies only if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted). "In determining whether a second suit is barred by this doctrine, the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive." *Maharaj v. Bank America Corp.*, 128 F.3d 94, 97 (2d Cir. 1997). "Rather, the first judgment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit." *Id*. Therefore, as the Second Circuit has noted, "the obvious starting point in a preclusion analysis is a determination of the issues that were litigated in the first action." *Flaherty*, 199 F.3d at 613. Furthermore, in evaluating the res judicata effect of a prior action, "courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

b. Application

Here, it is abundantly clear that plaintiffs' action is barred by the doctrine of res judicata. As fully detailed *supra*, the Florida Probate Court, the New York State Courts and this Court have extensively litigated the issues brought forth in this case.

First, as discussed *supra*, although plaintiffs disguise their claim as a claim pursuant to New York Judiciary Law § 487, it is clear based upon the statements in plaintiffs' papers that plaintiffs seek for this Court to disrupt the decision of the Florida Probate Court. However, whether or not the Trust was mismanaged was decided, on the merits, in several of plaintiffs' prior actions.

Moreover, plaintiffs were parties to the previous actions as detailed above. Plaintiffs have extensively raised the same issue in the Florida Probate Court, New York State Courts, and this Court. Although the defendants were not parties to the Florida Probate action, the prior actions in this Court, and the majority of the actions in the New York State Courts,[7] it has

---

[7] Plaintiffs argue in their Reply to the Order of the Court that res judicata does not apply because "Pressley has never been sued and this action is for violation of a New York Judiciary Statute, a cause of action never pursued before." (Reply to the Order of the Court, Conclusion.) However, this is blatantly false. As detailed *supra*, plaintiffs brought an action, nearly identical to the one presently before the Court,

12

already been held that they were agents of Northern Trust, and thus were in privity with Northern Trust.  As stated by Justice Diamond in the August 23, 2010 Order, "[t]here is no doubt that Pressley, as counsel for Northern Trust, falls within the purview of 'agents' as contemplated by Justice Palmieri of this Court in his April 20, 2007 Order and within the context of the prior Florida Actions and the facts and issues giving rise to the Northern Trust Action."  Moreover, courts in this circuit have held that agency relationships provide a basis for privity for res judicata effect.  *See, e.g.*, *Liao v. Holder*, 691 F. Supp. 2d 344, 354 (E.D.N.Y. 2010) ("[C]ourts have found privity to exist in relationships such as: trustee and beneficiary; buyer and seller; fiduciary; agent; and cases where the parties represent the interests of the same person, such as in familial relationship.") (collecting cases); *Vargas v. Wughalter*, No. 08 Civ. 11378 (DC), 2009 WL 2356832, at *4 (S.D.N.Y. July 30, 2009) (claim against defendant Tom Torres was dismissed on res judicata grounds because, among other things, plaintiff "alleges that Tom Torres is an agent of 2727" and consequently "in privity with 2727," the defendant in the prior adjudicated dispute); *Tibbetts v. Stempel*, 354 F. Supp. 2d 137, 148 ("Generally, an employer-employee or agent-principle relationship will provide the necessary privity for claim preclusion with respect to matters within the scope of the relationship, no matter which party is first sued." (quotation marks omitted)); *John St. Leasehold, LLC v. Capital Mgmt. Res., L.P.*, 154 F. Supp. 2d 527, 542 (S.D.N.Y. 2001) ("Most courts of appeals have held that an agency relationship is sufficient to establish privity for the purposes of res judicata. . . . Finding privity in an agency relationship is consistent with the teaching of the Court of Appeals for the Second Circuit that privity is to be applied flexibly and is to be found where the new defendants have a sufficiently close relationship with the defendants in the first action." (citations and quotation marks omitted) (collecting cases)).  Thus, the defendants are in privity with Northern Trust, a defendant in the prior actions.

Accordingly, this action is precluded by the doctrine of res judicata and must be dismissed.

### 2. Collateral Estoppel

#### a. Legal Standard

"'[C]ollateral estoppel . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Leather v. Ten Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (quoting *Schiro v. Farley*, 510 U.S. 222, 232, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994)).  "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane*

---

against the defendants in New York Supreme Court, County of Nassau.  *Executor of the New York Estate of Celia Kates v. Pressley*, Index No. 9928-10 (Sup. Ct. Nass. Cty. Aug. 23, 2010); Def.'s First Letter Motion to Dismiss, Ex F.  In the Order dismissing the case, Justice Diamond states that "[a]s best can be determined from the papers submitted herein, this action purports to set forth a cause of action against defendants, James G. Pressley, Jr. Esquire & Pressley & Pressley P.A. . . . for treble damages pursuant to Judiciary Law § 487."  *Id*.  After noting that this action was brought in defiance of the court's previous orders, Justice Diamond dismissed plaintiffs' complaint "[o]n the grounds of being improperly commenced in violation of the previously imposed filing injunction."  *Id*.

*Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give state-court judgments the same preclusive effect as the judgment would have in the state from which it originated. See 28 U.S.C. § 1738 ("[J]udicial proceedings of any court of any . . . State . . .shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken"); *see also Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) ("We apply federal law in determining the preclusive effect of a federal judgment and New York law in determining the preclusive effect of a New York State court judgment." (internal citations omitted)). "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007) (citations omitted); *accord Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 94 (2d Cir. 2005).

Moreover, collateral estoppel generally does not include a requirement that the parties against whom plaintiffs litigated in the prior proceeding be the same parties they litigate against in the current proceeding. *See United States v. Mendoza*, 464 U.S. 154, 158, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984); *see also Amadasu v. Bronx Lebanon Hosp. Ctr.*, No. 03 Civ. 6450 (LAK)(AJP), 2005 WL 121746, at *8 (S.D.N.Y. Jan. 21, 2005) ("[T]he doctrine of collateral estoppel does not require that the same parties are named in the earlier action in order to apply to the instant action."). Additionally, a district court may raise the issue of collateral estoppel *sua sponte*. *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998).

b.  Application

Defendants argue that, in addition to being barred by the doctrine of res judicata, this action is also barred by collateral estoppel.  The Court agrees.

First, the identical issue was decided on the merits in the previous state court actions on the merits.  At the core of plaintiffs' action for relief under New York Judiciary Law § 487 is the issue of whether the Trust was mismanaged and whether the Florida Probate Court had jurisdiction.  However, as detailed at length *supra*, the Florida Probate Court and the New York State courts have already decided these issues.

Moreover, the parties precluded, the plaintiffs, had a full opportunity to litigate these issues.  Plaintiffs have raised these issues to the Florida Probate Court, the New York State Courts, and this Court, on several occasions.  Accordingly, plaintiffs have clearly had a full opportunity to litigate these issues.

In addition, plaintiffs do not address the effect of collateral estoppel in their papers.  However, in their argument regarding res judicata they argue that res judicata cannot apply because the defendants were not a party to the prior actions.  However, the fact that the defendants were not parties to the Florida Probate action, or several of the New York State actions, does not affect this analysis because there is no requirement that the same parties that the plaintiff litigated against in the prior proceeding be the same parties litigated against in the current proceeding.  *See United States v. Mendoza*,

14

464 U.S. at 158. Accordingly, because the same issues that are raised in this action have been raised and adjudicated on the merits, and because plaintiffs had a full and fair opportunity to litigate these issues, this action is barred by the doctrine of collateral estoppel.

### C.  Judiciary Law § 487

The defendants also allege that even if this Court had jurisdiction to hear this case, the plaintiffs' claims are barred by the statute of limitations and, even if they were brought within the applicable time period, lack merit. Although this Court has already determined that this Court lacks jurisdiction to hear plaintiffs' claims, the Court, in an abundance of caution, has analyzed the defendants' arguments and finds that plaintiffs' claims under Judiciary Law § 487 are barred by the statute of limitations and are without merit.

First, the statute of limitations for a claim under § 487 of the Judiciary Law is three years. *See Rafter v. Liddle*, No 05-cv-4296, 2006 WL 2255093, at * 11 (S.D.N.Y. Aug. 4, 2006); (citing *Lefkowitz v. Appelbaum*, 258 A.D.2d 563, 563, 685 N.Y.S.2d 460 (App. Div. 1999) and *Kuske v. Gellert & Cutler*, 247 A.D.2d 448, 448, 667 N.Y.S.2d 955, 955, (App. Div. 1998)). Plaintiffs complain of acts taken by the defendants from May of 2001 through January 2005 during the Florida Probate proceeding. The complaint in this action was not filed until July 6, 2011. Accordingly, the plaintiffs' claims are time-barred.

Moreover, even if plaintiffs' had timely brought their claims, they are meritless. Pursuant to New York Judiciary Law § 487, no cause of action lies where the conduct occurred in courts outside of New York State. *See Schertenlieb v. Traum*, 589 F.2d 1156, 1159 (2d Cir. 1978); *see also Linder v. American Express Corp.*, No. 06 CV 3834, 2009 WL 54493 (S.D.N.Y. Jan 8, 2009.). In this case, plaintiffs complain of acts that took place in the Florida Probate Court. Accordingly, plaintiffs' claim is without merit.

### IV. LEAVE TO REPLEAD

Although plaintiffs have not requested leave to amend or replead their complaint, the Court has considered whether plaintiff should be given an opportunity to replead. The Second Circuit has emphasized that

> A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, even under this liberal standard, this Court finds that any attempt to amend the pleading in this case would be futile. As discussed in detail *supra*, this Court lacks jurisdiction to hear plaintiffs' claims and plaintiffs' claims are barred by the doctrine of res judicata. Accordingly, it is abundantly clear that no amendments can cure the jurisdictional (and other) defects in this case, and any attempt to replead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also*

15

*Hayden v. Cnty.of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied").

## V. CONCLUSION

For the foregoing reasons, plaintiffs' claims are dismissed, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Court will issue a separate Order to Show Cause regarding defendants' request for sanctions (including a litigation injunction) and will provide plaintiffs with an opportunity to be heard regarding the sanctions sought.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge


Dated: March 22, 2012
       Central Islip, NY

\*\* \*

Plaintiffs are proceeding *pro se*: Executor of the New York Estate of Celia Kates, Philip Barash, 6 Serenite Lane, Muttontown, New York 11791; Beneficiary of the Irving G. Kates New York Trust, Sandra Barash, 6 Serenite Lane, Muttontown, New York 1179. The attorneys for defendants are Marian C. Rice, Esq. and Candice Brook Ratner, Esq., of L'Abbate, Balkan, Colavita & Contini LLP, 1001 Franklin Avenue, Garden City, New York 11530.